IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-240-BO

| | |
|---|---|
| KATHY MANNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ANDREW SAUL, ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on plaintiff's motion for judgment on the pleadings [DE 13] and defendant's motion for summary judgment [DE 15]. A hearing was held on this matter before the undersigned on July 28, 2020 via videoconference. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 13] is GRANTED and defendant's motion [DE 15] is DENIED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability insurance benefits and supplemental security income. Plaintiff filed her application on October 7, 2015, alleging an onset date of September 29, 2015. Plaintiff was given a hearing before an ALJ in May 2018. The ALJ issued an unfavorable ruling on September 17, 2018, finding plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on April 18, 2019. Plaintiff then sought review of the Commissioner's decision in this Court.

Plaintiff filed a second application for benefits, this time for a period of disability and disability insurance benefits. Plaintiff again alleged disability beginning September 29, 2015. The

claim was denied on August 6, 2019 and upon reconsideration on November 21, 2019. Plaintiff was given an ALJ hearing by telephone on June 11, 2020. On July 10, 2020, the ALJ found that plaintiff was disabled as of September 18, 2018, the day after the prior ALJ denied her previous claim, which is the subject of this appeal. The second ALJ applied principles of res judicata and declined to revise the prior ALJ's decision of not disabled for the period between September 29, 2015 (alleged onset date) and September 17, 2018 (the date of the first ALJ decision).

## DISCUSSION

Under 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears

2

the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity (RFC) is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant—based on age, education, work experience, and RFC—can perform other substantial gainful work. If the claimant cannot perform other work, then the claimant is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Here, the analysis ended at step five when the ALJ considered plaintiff's residual functional capacity and determined that, although plaintiff was unable to perform her past relevant work activities, she was able to perform other jobs that existed in significant numbers in the national economy. Plaintiff argues that the ALJ erred by failing to give substantial weight to the Department of Veterans Affairs (VA) disability rating.

3

Upon review of the record and decision, the Court concludes that remand is appropriate because the ALJ failed to give adequate weight to plaintiff's VA rating or, at a minimum, provide sufficient reason for discounting that rating. On June 6, 2016, the VA assigned plaintiff a 70% disabled rating for PTSD and major depressive disorder based upon the presence of occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, inability to establish and maintain effective relationships, and difficulty adapting to work-like settings. Tr. 215. The ALJ assigned this rating "partial weight," because "the VA's system of determining disability is based on a different formula and calculation than SSA's system." Tr. 23. But in *Bird v. Comm'r of Soc. Sec.*, 699 F.3d 337, 343 (4th Cir. 2012), the Fourth Circuit noted that the VA and Social Security determinations are "closely related [and] a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." The court has held that "in making a disability determination, the SSA must give substantial weight to a VA disability rating." *Id.* In order to afford less than "substantial weight" to the disability determinations of other government agencies, the ALJ must give "persuasive, specific, valid reasons for doing so that are supported by the record." *Woods v. Berryhill*, 888 F.3d 686, 692 (4th Cir. 2018). The ALJ gave no valid reasons for affording less than substantial weight to the VA decision, much less persuasive ones. Simply noting the difference in the standards employed by the VA and the Social Security Administration is insufficient to justify deviation under *Bird*. A review of the record makes clear that this was not harmless error. Remand is therefore appropriate.

As mentioned above, an ALJ has recently determined that plaintiff was disabled as of September 18, 2018—the day after the ALJ's decision in this case. On remand, all relevant evidence must be considered in reassessing plaintiff's impairments and residual functional

4

capacity, including any new evidence that was before the second ALJ. *Smith v. Astrue*, No. 5:10-CV-219-FL, 2011 WL 3905509, at *3 (E.D.N.C. Sept. 2, 2011). The second ALJ's analysis should also be considered.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 13] is GRANTED and defendant's motion for summary judgment [DE 15] is DENIED. The Commissioner's decision is REMANDED for further proceedings consistent with the foregoing.

SO ORDERED, this _10_ day of August, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE